UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Michael Wayne,

        Petitioner,

vs.                        REPORT AND RECOMMENDATION

State of Minnesota,

        Respondent.        Civ. No. 09-652 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(a)(1)(B), on the Petitioner's request for Habeas Corpus relief under Title 28 U.S.C. §2254. See, Docket No. 1. The Petitioner appears pro se and, because his Petition has yet to be served, no appearance has been made by, or on behalf of, the Respondent. For reasons which follow, we recommend that the Petition for Writ of

Habeas Corpus be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## II. Factual and Procedural Background

The Petitioner is a prisoner of the State of Minnesota, who is currently incarcerated at the Minnesota Correctional Facility, in Rush City, Minnesota. He is seeking Habeas review of his Minnesota State criminal conviction for murder, and the resultant sentence of life in prison.

The Petitioner has already challenged his conviction, and sentence, through an earlier Habeas Petition, which was filed in this District in 1993. See, Wayne v. Benson ("Wayne I"), Civ. No. 93-463 (DSD/JGL). In Wayne I, the Petition was reviewed, and dismissed on its merits. Id., Docket No. 29. On appeal, our Court of Appeals affirmed the decision of the District Court, and the United States Supreme Court subsequently denied further review. See, Wayne v. Benson, 89 F.3d 530 (8th Cir. 1996), cert. denied, 519 U.S. 1096 (1997).

Now, the Petitioner seeks to contest the same murder conviction, and sentence, that were before the Court in Wayne I. For reasons which follow, we conclude that

---

[1] Rule 4 provides that, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

the current Petition constitutes a "second or successive" Petition, which cannot properly be entertained here.

### III. Discussion

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") effected significant changes in the Federal Habeas Corpus statutes. One of those changes appears at Title 28 U.S.C. §2244(b), which establishes new rules governing second and successive Petitions.[2]

---

[2]Title 28 U.S.C. §2244(b) now provides, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
>> (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and

(continued...)

Under these new rules, a District Court cannot entertain a second or successive application for Habeas relief, which has been filed by a State prisoner, unless the prisoner has first obtained authorization from the appropriate Court of Appeals. See, Title 28 U.S.C. §2244(b)(3)(A); see also, Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999)("Under 28 U.S.C. §2244(b)(3)(A), movant must receive our authorization in order for the district court to consider [a second or successive application].").

---

(...continued)
>    (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> \*   \*   \*
>
> (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

Since the current Petition is the Petitioner's second application for Federal Habeas relief, pertaining to his State Court conviction and sentence, and since <u>Wayne I</u> was dismissed on its merits, the Petition must be viewed as a "second or successive" Petition for purposes of Section 2244(b). As such, the Petition cannot be entertained without pre-authorization from the Court of Appeals for the Eighth Circuit. Here, the Petitioner has not demonstrated that he has secured any such pre-authorization, and as a result, his current Petition must be dismissed for lack of jurisdiction. See, <u>Nunez v. United States</u>, 96 F.3d 990, 991 (7th Cir. 1996); <u>Chadwick v. Graves</u>, 110 F. Supp.2d 1110, 1114 (N.D. Iowa 2000); <u>Wainright v. Norris</u>, 958 F. Supp. 426, 431-32 (E.D. Ark. 1996).

Accordingly, we recommend that the Petition be dismissed without prejudice, in order to allow the Petitioner to seek Habeas relief in a new action, if he is able to secure a pre-authorization Order from our Court of Appeals, as required by Section 2244(b)(3)(A).[3] The Petitioner should carefully note that, absent a change in the

---

[3]Some Courts have suggested that an action, which is barred by Section 2244(b)(3)(A), should be transferred to the appropriate Court of Appeals pursuant to Title 28 U.S.C. §1631, rather than dismissed. See, e.g., <u>Liriano v. United States</u>, 95 F.3d 119, 122-23 (2nd Cir. 1996); <u>Coleman v. United States</u>, 106 F.3d 339, 341 (10th Cir. 1997); <u>In re Sims</u>, 111 F.3d 45, 47 (6th Cir. 1997). We find it inadvisable, however, to follow that approach here. Our Court of Appeals will not authorize the
(continued...)

governing law, the District Court will not entertain any future Habeas Petition, involving his State murder conviction and/or sentence, unless that Petition is accompanied by a pre-authorization Order from our Court of Appeals.[4]

In light of our recommendation that this action be summarily dismissed, we further recommend that the Petitioner's Application to proceed in forma pauperis ("IFP") be denied, as moot. See, Title 28 U.S.C. §1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996)(IFP application should be denied where Habeas Petition cannot be entertained).

---

[3](...continued)
filing of another Habeas Petition in this Court unless the Petitioner can satisfy the standard prescribed in Section 2244(b)(2). Since the Petitioner has made no specific effort to meet that standard in his submissions to this Court, it is highly unlikely, on the basis of the existing Record, that the Court of Appeals would authorize the Petitioner to file his current Petition. See, Title 28 U.S.C. §2244(b)(3)(C). As a result, we recommend that the Petition be dismissed without prejudice, and that the Petitioner be required to seek pre-authorization directly from the Court of Appeals, as contemplated at Section 2244(b)(3). Such an approach will allow the Petitioner to fully explain why he believes that he satisfies the criteria of Section 2244(b)(2), so as to be allowed to file another Habeas Petition in this District.

[4]Having determined that this action must be summarily dismissed for lack of jurisdiction, we have not considered the timeliness of the Petitioner's current Petition. We note, however, that the one (1) year statute of limitations, which is prescribed by Title 28 U.S.C. §2244(d)(1), appears to have expired long ago. If the statute of limitations has expired, we may be precluded from reaching the merits of the Petitioner's current claims, even if he obtains a pre-authorization Order from our Court of Appeals.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Petition for a Writ of Habeas Corpus [Docket No. 1] be denied.

2. That the Petitioner's Application for leave to proceed in forma pauperis [Docket No. 2] be denied, as moot.

3. That this action be summarily dismissed, without prejudice, for want of subject matter jurisdiction.


Dated: March 23, 2009         *s/Raymond L. Erickson*
                              Raymond L. Erickson
                              CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(B), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than April 9, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this

procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than April 9, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.